# In the United States Court of Federal Claims

No. 21-1974
Filed: October 14, 2021

|  |
|---|
| **SOPHIA M. LEYSATH,** *Plaintiff,* v. **THE UNITED STATES,** *Defendant.* |

## OPINION AND ORDER

**TAPP, Judge.**

      The Plaintiff, Sophia Leysath, is the wife of a United States Army combat veteran of the Vietnam War. (Compl. at 1, ECF No. 1). She brings this pro se action seeking monetary damages against the United States for her husband's exposure to Agent Orange, a tactical herbicide utilized by the United States military during the conflict in Vietnam. (*Id*. at 1). According to Mrs. Leysath's Complaint and the accompanying exhibit, her husband's exposure not only caused the deterioration of his own health but also chronic and debilitating health issues for his children and grandchildren. (Compl. Ex. A, ECF No. 1-2). However, the Court is unable to grant Mrs. Leysath the relief she seeks.

      The Court of Federal Claims has jurisdiction to hear claims founded on federal statutes. 28 U.S.C. § 1491(a)(1). In the "Statement of the Claim" section in her Complaint, Mrs. Leysath cites 42 U.S.C. § 1651, the Defense Base Act. However, the Defense Base Act does not provide a source of relief for Mr. Leysath's injuries or the injuries to his children and grandchildren. The Defense Base Act applies the Longshore Act to employees of U.S. government contractors serving on foreign U.S. military bases or U.S. lands outside the continental United States. § 1651(a). The Longshore Act, 33 U.S.C. §§ 901–950, is a federal workers compensation statute for "disability or death" resulting from an "injury occurring upon the navigable waters of the United States" and other similar maritime settings. 33 U.S.C. § 903(a). The Defense Base Act incorporates the Longshore Act's claim adjudication procedures. *Dir., Off. of Workers' Comp. Programs, Dep't of Lab. v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 141 (1995) (Ginsburg, J. concurring).

      However, neither the Defense Base Act nor the Longshore Act applies to federal employees, including members of the U.S. military. 33 U.S.C. § 903(b) ("No compensation shall be payable in respect of the disability or death of an officer or employee of the United States, or any agency thereof, or of any State or foreign government, or any subdivision thereof.").

Moreover, these claims are administrative and therefore must be filed with administrative bodies within the Department of Labor prior to being brought before a federal court. *See, e.g.*, *Ladd v. Chemonics Int'l, Inc.*, 603 F. Supp. 2d 99, 120 (D.D.C. 2009) (describing an administrative review scheme that includes proceedings before the Office of Workers' Compensation Programs, administrative law judges, and Benefits Review Board); 33 U.S.C. § 919. And claims must be submitted, at most, two years after the claimant becomes aware of a qualifying disability. 33 U.S.C. § 913(a), (b).

Mrs. Leysath's claim, to the extent it is based on 42 U.S.C. § 1651, cannot succeed due to these requirements. Mr. Leysath was a combat veteran of the United States Army; therefore, he is not in the class of persons covered by the Defense Base Act or the Longshore Act. 33 U.S.C. § 903(b). Mrs. Leysath's Complaint does not indicate that her claim was brought before the appropriate administrative bodies. Further, Mrs. Leysath notes that her husband was exposed to Agent Orange in the late 1960s, well more than two years ago. Therefore, Mrs. Leysath's Complaint fails to state a claim that entitles her to relief under 42 U.S.C. § 1651. Consequently, under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss the claim sua sponte.

To the extent Mrs. Leysath raises a claim for her husband's Agent Orange exposure that does not rely on 42 U.S.C. § 1651, the Court lacks jurisdiction to hear it. This Court's jurisdictional power to grant relief against the United States is extremely limited. Congress, through the Tucker Act, has narrowed the claims this Court may hear. The Tucker Act forbids the Court from hearing claims that sound in "tort." 28 U.S.C. § 1491. Claims that "sound in tort" are claims which seek compensation for civil wrongs such as bodily injury, injury to tangible property, or impairment of a common law right. "Suits seeking money damages from the United States for tort or wrongful death must [] be brought in U.S. district court under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.*" *Bru'Ton v. United States*, 621 Fed. Appx. 650, 651 (Fed. Cir. 2015).

While the Court may generously construe pro se claims for relief, it cannot waive the jurisdictional restrictions imposed by Congress. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Consequently, to the extent the Court would construe Mrs. Leysath's Complaint as raising common law tort claims, it must be dismissed. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In summary, Mrs. Leysath's Complaint fails to state a claim under 42 U.S.C. § 1651, and the Court lacks jurisdiction to adjudicate tort claims. Therefore, Mrs. Leysath's Complaint is dismissed.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge